UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JULIE A. SU, Acting Secretary of Labor,

    Petitioner,

v.                                                                                    Hon. Paul L. Maloney

SUPERIOR VENTURES UNLIMITED, LLC,        Case No. 1:23-mc-0019
d/b/a SUBWAY,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner, the Secretary of Labor, brought this action pursuant to Section 9 of the Fair Labor Standards Act (FLSA), as amended, 29 U.S.C. § 201, *et. seq.*, to obtain Respondent's compliance with an administrative subpoena *duces tecum*. Presently before the Court is Petitioner's Motion for Adjudication of Civil Contempt against Respondent and its owner Miranda Barajas-Brazil. (ECF No. 11). For the reasons articulated herein, the undersigned judicial officer recommends that the motion be granted and that Respondent Superior Ventures Unlimited, LLC, and Miranda Barajas-Brazil each be held in civil contempt of court.

### Procedural History and Findings of Fact

On September 13, 2022, the Department of Labor's Wage and Hour Division served an administrative subpoena *duces tecum* on Respondent, requiring the production of certain documents relating to an FLSA investigation by September 29, 2022. (Darling Decl. at ¶ 9, ECF No. 2-1, PageID.20; Lapchak Decl. at ¶ 9, ECF

No. 2-5, PageID.39).[1]  Respondent failed to produce any documents responsive to the subpoena.  (Darling Decl. at ¶¶ 11-12, ECF No. 2-1, PageID.20; Lapchak Decl. at ¶¶ 11-12, ECF No. 2-5, PageID.39).

On February 13, 2023, Petitioner sought enforcement of the administrative subpoena.  (ECF No. 1).  On May 16, 2023, the Court issued an order requiring Respondent to either comply with the administrative subpoena or show cause why it should not be required to comply.  (ECF No. 7).  On June 2, 2023, the U.S. Marshal effected service of the Court's show-cause order on Respondent.  (ECF No. 8).  Petitioner also served on Respondent the enforcement petition, the petition's supporting documents, and the Court's show-cause order by certified mail, which was delivered June 26, 2023.  (*See* Petitioner's Motion for Contempt at ¶ 8, ECF No. 11, PageID.74; Certified Mail Return Receipt, Exhibit A, ECF No. 11-1, PageID.79).

Miranda Barajas-Brazil is Respondent's Resident Agent, and putative owner.  (*See* Michigan's Department of Licensing and Regulatory Affairs, Corporate Online Filing System, ECF No. 11-2, PageID.81).  From November to July 2023, Counsel for Petitioner attempted contact with Ms. Barajas-Brazil numerous times by telephone and email.  (*See* Petitioner's Motion for Contempt at ¶ 10, ECF No. 11, PageID.74-75).  These attempts were unsuccessful, and Respondent remains uncompliant with the administrative subpoena.  (*See id.*).

---

[1] A copy of the subpoena is found at ECF No. 2-4, and a copy of the return of service is found at ECF No. 2-7.

## Analysis

"There can be no question that courts have inherent power to enforce compliance with their lawful orders through civil contempt." *Shillitani v. United States*, 384 U.S. 364, 370 (1966). Petitioner bears the burden by clear and convincing evidence that Respondent has knowingly violated a specific and definitive order of this Court. *Gascho v. Global Fitness Holdings, LLC*, 875 F.3d 795, 800 (6th Cir. 2017). The order at issue is the May 16, 2023, show-cause order. That order, in relevant part, explicitly required Respondent, within fourteen days of service of the order, to "show cause, if any, for its failure to comply with and obey the administrative Subpoena *Duces Tecum*, or comply in full with the Subpoena." (ECF No. 7, PageID.65). There was no ambiguity as to what Respondent was required to do or the deadline for compliance. That order, along with the enforcement petition and supporting documents were served on Respondent by certified mail.

Petitioner has established that Respondent is in violation of the May 16 show-cause order. Respondent has neither provided the documents responsive to the administrative subpoena nor has it filed a response to the show-cause order.

In addition, the contempt order should extend to Miranda Barajas-Brazil, the Respondent's registered agent and putative owner. "A command to the corporation is in effect a command to those who are officially responsible for the conduct of its affairs. If they, apprised of the writ directed to the corporation, prevent compliance or fail to take appropriate action within their power for the performance of the corporate duty, they, no less than the corporation itself, are guilty of disobedience,

-3-

and may be punished for contempt." *Wilson v. United States*, 221 U.S. 361, 376 (1911).

Upon a finding of civil contempt, the Court must fashion appropriate sanctions "to coerce compliance or compensate the complainant for losses." *Electrical Workers Pension Trust Fund of Local Union 58, IBEW v. Gary's Electrical Service Co.*, 340 F.3d 373, 383 (6th Cir. 2003). The Court enjoys broad discretion in fashioning an appropriate remedy. *Williamson v. Recovery Limited Partnership*, 467 Fed. App'x 382, 396 (6th Cir. 2012).

In the present circumstances, the most appropriate method for obtaining Respondent's compliance with the administrative subpoena is a coercive fine. *See, e.g., Secretary of Labor v. River Ranch Bar & Grille, LLC,* Case No. 5:17-cv-95-Oc-30PRL, 2018 WL 2074161 at *3 (M.D. Fla. April 13, 2018), *report and recommendation adopted*, 2018 WL 2011372 (M.D. Fla. April 30, 2018) (imposing $500 daily fine for failure to comply with default judgment); *Lineback v. Cherry Creek Electric, Inc.*, Case No. 1:15-mc-1001-JES-JEH, 2016 WL 1714221 at *3 (imposing $500 daily fine for failing to comply with order enforcing subpoenas *duces tecum* issued by National Labor Relations Board); *Acosta v. N&B Lundy Corp.*, Case No. 4:16-mc-00396, 2017 WL 1709438 (M.D. Pa. May 3, 2017) (imposing $250 daily fine for failing to comply with order enforcing Labor Secretary's subpoena); *Hugler v. Guard Services International, Inc.*, Case No. 1:16-MI-0036, 2017 WL 11048839 at *1 (N.D. Ga. March 22, 2017) (imposing $500 daily fine for failing to comply with order

enforcing Labor Secretary's subpoena). Petitioner's request for a $250 daily fine here is reasonable.

Petitioner seeks to toll the statute of limitations on any FLSA claim against Respondent based on the pending investigation until such case is filed, or alternatively, for ninety days after compliance with this Court's order. (Petitioner's Brief at 6, ECF No. 12, PageID.88). The undersigned recommends the latter.

Courts may equitably toll a statute of limitations "when a litigant has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely action." *Lozano v. Montoya Alvarez*, 572 U.S. 1, 10 (2014). Petitioner has done that. Respondent should not be allowed to benefit from its intransigence in refusing to timely comply with the Court's May 16, 2023, show-cause order.

The tolling should be limited to a reasonable period, however, outside the control of the Petitioner. Accordingly, tolling for a period of ninety days after compliance with this Court's order is appropriate.

## **Conclusions of Law and Recommendations**

Petitioner has established by clear and convincing evidence that Respondent is guilty of civil contempt in failing to comply with the Court's May 16, 2023, show-cause order. Accordingly, the undersigned judicial officer recommends the following:

1. that the Court grant Petitioner's Motion for Adjudication of Civil Contempt against Respondent and its owner Miranda Barajas-Brazil   (ECF No. 73);

2. that the Court hold Superior Ventures Unlimited, LLC, and Miranda Barajas-Brazil in civil contempt of court;

3. that the Court order Respondent to produce all documents responsive to the administrative subpoena within ten business days of receipt of the order, which service shall be effected by the U.S. Marshal Service;

4. that, should Respondent and Miranda Barajas-Brazil not purge their civil contempt by producing all responsive documents by the deadline set by the Court, they be jointly and severally ordered to pay the sum of $250.00 per day for every day thereafter in which they fail to produce the documents; and

5. that the Court toll the statute of limitations found in 29 U.S.C. § 255 as of September 29, 2022, the date Respondent first failed to respond to the administrative subpoena, for a period of ninety days after Respondent has produced all documents responsive to the administrative subpoena *duces tecum*.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within such time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date: November 28, 2023    /s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge